# Richmond

## Mitchell Edward Bergman v. Iford L. Turpin.

November 29, 1965.

Record No. 6053.

Present, All the Justices.

*Charles D. Fox, III* (*Hunter, Fox & Fox*, on brief), for the plaintiff in error.

*William B. Poff* and *Thomas T. Lawson* (*Woods, Rogers, Muse & Walker*, on brief), for the defendant in error.

I'Anson, J., delivered the opinion of the court.

The sole question involved in this appeal is whether the trial court erred in sustaining defendant's special plea of the statute of limitations and in dismissing plaintiff's action from the docket.

The record discloses that on May 30, 1959, Mitchell E. Bergman,

plaintiff, and Iford L. Turpin, defendant, were involved in an automobile accident in Botetourt county whereby plaintiff sustained personal injuries. At the time of the mishap defendant was a resident of Dublin, Virginia, but on November 1, 1959 he moved from this State and became a resident of the District of Columbia. Plaintiff was a resident of North Carolina at all times pertinent to this controversy.

On May 29, 1961, plaintiff instituted an action against defendant in the United States District Court for the Western District of Virginia to recover damages resulting from the accident. He alleged diversity of citizenship and gave defendant's address as Dublin, Virginia. The office of the United States Marshall attempted to serve process upon defendant at that address but was unable to do so because defendant had already moved his residence to the District of Columbia. Service of process was then obtained upon defendant by making service on the Commissioner of the Virginia Division of Motor Vehicles pursuant to the provisions of the nonresident motorist statutes, Code, §§ 8-67.1 and 8-67.2. Defendant moved the court to dismiss the action because of improper venue and the suit was dismissed without prejudice for that reason.

Later, on August 22, 1963, plaintiff instituted a second suit based upon the same cause of action in the Circuit Court of Botetourt County. Plaintiff listed defendant's address as 132 Danburry Street, Apartment Y, Washington, D. C. and again caused process to be served upon him in accordance with §§ 8-67.1, 8-67.2. Defendant subsequently filed a special plea of the statute of limitations on the ground that plaintiff had not instituted suit within two years after his cause of action had accrued as required by Code, § 8-24. Plaintiff filed a reply to defendant's special plea alleging that Code § 8-33 tolled the running of the statute of limitations so long as defendant resided outside the state of Virginia and that his action was therefore not barred. The issue was submitted to the court upon the pleadings. After hearing argument of counsel and reviewing the memoranda of law filed, the court held, by order entered May 25, 1964, that § 8-33 was not applicable since under the provisions of §§ 8-67.1 and 8-67.2 plaintiff could have obtained service of process upon defendant at any time within two years from the date his cause of action arose and that plaintiff's claim was barred by § 8-24. The order also dismissed the case from the docket with prejudice, and as a result of the entry of this order we granted plaintiff a writ of error.

Plaintiff's assignment of error challenges the correctness of the action of the court in sustaining defendant's special plea of the statute of limitations. A determination of this issue involves a consideration of Code, §§ 8-24, 8-33, 8-67.1 and 8-67.2.

Section 8-24 provides in part: "Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. * * *"

Section 8-33 provides in part: "When any such right as is mentioned in this chapter shall accrue against a person who had before resided in this State, if such person shall, *by departing without the same* * * * or by any other indirect way or means *obstruct the prosecution of such right*, the time that such obstruction may have continued shall not be computed as any part of the time within which such right might or ought to have been prosecuted. * * *" (Italics supplied.)

Section 8-67.1[1] provides, *inter alia*, that a nonresident motorist or his agent involved in an accident while operating a motor vehicle within this State shall be deemed to have appointed the Commissioner of the Division of Motor Vehicles as his true and lawful attorney upon whom process may be served and that such process so served shall be of the same legal force and effect as if served upon him personally in the county or corporation where the accident occurred

---

[1] § 8-67.1. "The acceptance by a nonresident of the rights and privileges conferred by article 6 (§ 46-110 et seq.) of chapter 3 of Title 46 as evidenced by his operation, either in person or by an agent or employee, of a motor vehicle, trailer or semitrailer hereunder, or the operation by a nonresident, either in person or by an agent or employee, of a motor vehicle, trailer or semitrailer in this State otherwise than under such article, shall be deemed equivalent to an appointment by such nonresident of the Commissioner of the Division of Motor Vehicles or his successors in office to be the true and lawful attorney of such nonresident upon whom may be served all lawful process against and notice to such nonresident in any action or proceeding against him growing out of any accident or collision in which such nonresident or his agent or employee may be involved while operating a motor vehicle, trailer or semitrailer in this Commonwealth, and such acceptance or operation shall be a signification of his agreement that any such process against or notice to him which is so served shall be of the same legal force and validity as if served upon him personally in the county or corporation in which such accident or collision occurred or in which a resident defendant, if any, resides.

\* \* \* \* \*

"The term 'nonresident' includes any person who though resident when the motor vehicle accident or collision occurred, has been continuously outside the State for at least sixty days next preceding the day on which notice or process is left with the Commissioner."

or where a resident defendant, if any, resides. Section 8-67.2[2] describes the manner in which such service shall be made.

In support of his position that the action was not barred by § 8-24, plaintiff relies heavily upon the language of § 8-33. He points out that his cause of action arose on May 30, 1959, when defendant resided in Dublin, Virginia, and that defendant moved from this State to the District of Columbia on November 1, 1959, where he resided continuously up to and including the time this action was brought. Plaintiff claims that defendant's departure from this State of itself constituted an obstruction of his right to prosecute his suit during the period of defendant's absence within the meaning of § 8-33, and he cites *Ficklin's ex'or* v. *Carrington*, 72 Va. (31 Gratt.) 219, 226 to bolster his contention. He further asserts that §§ 8-67.1 and 8-67.2 merely afford an injured party a way in which to prosecute his cause of action at an earlier date and that they "by no means state that the injured party must avail himself of this mode of obtaining service of process on the defendant within two years from the date of the injury."

Defendant, on the other hand, contends that the provisions of § 8-33 are applicable only when a defendant's absence from the State is such that process cannot be served upon him and a binding personal judgment obtained and that so long as a defendant is subject to service of process through his statutory agent within the State which enables a plaintiff to secure a personal judgment, his absence from the State does not obstruct the enforcement of a plaintiff's claim against him for damages sustained in an automobile accident.

In 34 Am. Jur., Limitation of Actions, § 221, pp. 177, 178 it is said:

---

[2] § 8-67.2. "Service of such process or notice shall be made by leaving a copy of the process or notice, together with a fee of three dollars, plus one dollar additional for each defendant over one to be thus served, in the hands of the Commissioner of Motor Vehicles or in his office in the city of Richmond, Virginia, and such service shall be sufficient upon the nonresident, provided that notice of such service and a copy of the process or notice are forthwith sent by registered mail, with registered delivery receipt requested, by the Commissioner of Motor Vehicles to the defendant or defendants and an affidavit of compliance herewith by the Commissioner, or some one designated by him for that purpose and having knowledge of such compliance, shall be forthwith filed with the papers in the action.

"The mailing required by this section shall be to the last known post office of the defendant or defendants but if there is left with the Commissioner, along with the notice of process an affidavit of the plaintiff that he does not know and is unable to ascertain any post-office address of the defendant or defendants, service of the notice or process shall be valid without the mailing otherwise required by this section."

"Where there is no disability or other circumstance precluding the operation of the statute, it is said to be the intent of the statute of limitations to bar all actions except those against persons and corporations upon whom notice of action cannot be served because they are out of the state. Accordingly, on the theory that the purpose of provisions tolling the running of the statute of limitations during the absence or nonresidence of the defendant is to prevent the defendant from defeating the plaintiff's claim by merely absenting himself from the state or establishing a residence elsewhere for the period of limitation, many courts, giving a liberal construction to the statute, have, where its terms would not be plainly violated by such construction, adhered to the view that where, notwithstanding such absence or nonresidence, process could have been served in the state to enable the plaintiff to institute an action upon his claim, the period of the defendant's absence from the state shall not be excluded from the period of limitation, and the statute continues to run during such absence. Under this rule, when the remedy of a suitor is complete and unaffected by the absence of the defendant, a statute providing that the time of the defendant's absence from or residence out of the state shall not be taken as any part of the time limited for the commencement of the action is without application. Some courts, however, giving a literal construction to the statute and in some instances distinguishing the cases holding to the contrary on the ground of difference in the terminology of the statutes under which they were decided, have adhered to the view that the statute of limitations stops running during the period of absence notwithstanding a possibility of service of process which would enable the plaintiff to institute his action in spite of the defendant's absence. Thus, although there is respectable authority to the contrary, most courts hold that under provisions tolling the statute of limitations during the time the defendant is not a resident in or is absent from the state, the statute continues to run during the defendant's absence, if process could be served notwithstanding such absence. * * *" See also 54 C.J.S., Limitations of Actions, § 212c (2), pp. 237, 238.

In 17 A.L.R. 2d §9, p. 516 the author states:

"Where provision is made by statute for substituted service of process upon a state official in cases arising out of motor accidents within the state, the majority of the courts have held that such a provision has the effect of nullifying any statute suspending the

period of limitations." For cases following the majority rule see *Arrowood* v. *McMinn County*, 173 Tenn. 562, 121 S.W. 2d 566; *Bolduc* v. *Richards*, 101 N.H. 303, 142 A. 2d 156; *Busby* v. *Shafer*, 75 S.D. 428, 66 N.W. 2d 910; *Carpenter* v. *Kraft*, 254 Iowa 719, 119 N.W. 2d 277; *Colello* v. *Sundquist*, 137 F. Supp. 649; *Coombs* v. *Darling*, 116 Conn 643, 166 A. 70; *Hammel* v. *Bettison*, 362 Mich. 396, 107 N.W. 2d 887; *Haver* v. *Bassett* (Mo. App.) 287 S.W. 2d 342; *Hurwitch* v. *Adams*, 52 Del. 13, 151 A. 2d 286; *Karagiannis* v. *Shaffer*, 96 F. Supp. 211; *Kokenge* v. *Holthaus*, 243 Iowa 571, 52 N.W. 2d 711; *Moore* v. *Dunham*, 240 F. 2d 198; *Nelson* v. *Richardson*, 295 Ill. App. 504, 15 N.E. 2d 17; *Peters* v. *Tuell Dairy Co.*, 250 Ala. 600, 35 So. 2d 344; *Reed* v. *Rosenfield*, 115 Vt. 76, 51 A. 2d 189; *Scorza* v. *Deatherage*, 208 F. 2d 660; *Smith* v. *Pasqualetto*, 146 F. Supp. 680; *Snyder* v. *Clune*, 15 Utah 2d 254, 390 P. 2d 915; *Whittington* v. *Davis*, 221 Or. 209, 350 P. 2d 913.

For cases supporting the contrary or minority view see *Blackmon* v. *Govern*, 138 F. Supp. 884; *Bode* v. *Flynn*, 213 Wis. 509, 252 N.W. 284; *Chamberlain* v. *Lowe*, 252 F. 2d 563; *Couts* v. *Rose*, 152 Ohio St. 458, 90 N.E. 2d 139; *Gotheiner* v. *Lenihan*, 20 N.J. Misc. 119, 25 A. 2d 430; *Lemke* v. *Bailey*, 41 N.J. 295, 196 A. 2d 523; *Macri* v. *Flaherty*, 115 F. Supp. 739; and *Staten* v. *Weiss*, 78 Idaho 616, 308 P. 2d 1021.

The rationale advanced in some of the cases which follow the majority rule is persuasive and represents the sounder view. The decisions point out, among other things, that the primary purpose of the nonresident motorist act is to afford a speedy adjudication of the rights of the parties and to give a plaintiff damages if his cause of action justifies them; that a plaintiff is only entitled to the availability of the right to compel a defendant's attendance in court or to secure and enforce a valid personal judgment against him; that to hold that the statute of limitations does not run when substituted service of process is available would allow suits to be postponed indefinitely and permit a plaintiff to await a propitious time when defense witnesses would be unavailable, thereby depriving a defendant of any defense he may have as well as preventing him from knowing until years have passed that he is charged with negligence, and that such delay could well lead to the equivalent of fraud.

*Ficklin's ex'or* v. *Carrington, supra,* cited by plaintiff, involved an action of assumpsit on a debt allegedly owed by defendant to plaintiff. At the time the action was instituted defendant resided in Maryland. Process was served by an attachment on defend-

ant's property in Richmond. Carrington, the defendant, appeared and filed pleas of non-assumpsit and the statute of limitations. Plaintiff took issue on the plea of non-assumpsit and replied specially to the plea of the statute of limitations, stating that after the loan was made defendant moved to Maryland and continued to reside there and that by reason of defendant's absence from Virginia plaintiff had been obstructed in the prosecution of his suit. Defendant filed a rejoinder to plaintiff's special replication, stating that his removal from this State did not obstruct plaintiff in the prosecution of his alleged cause of action.

All matters of law and fact were submitted to the court for determination and the court rendered judgment for defendant. On appeal the holding was reversed and judgment was entered for plaintiff for the amount claimed. In the course of the opinion this court stated: "* * * [W]here a party having been a resident of this state has gone beyond its limits, * * * such departing from the state *should of itself* be considered, during the period of such absence, an obstruction of the plaintiff's right to prosecute his suit, and should not be counted in the period of the statute of limitations." 72 Va. p. 226.

In our case plaintiff attaches great significance to the above statement. But *Ficklin's ex'or* and other cases citing it were decided long before the passage of the first nonresident motorist act in 1932, which act as amended is now codified as §§ 8-67.1 and 8-67.2. Thus, it is readily apparent that the cases plaintiff relies upon are not controlling.

Here, defendant's absence from this State did not obstruct the prosecution of plaintiff's right. Under the provisions of §§ 8-67.1 and 8-67.2 plaintiff could have obtained service of process upon defendant before the expiration of the two-year limitation period prescribed by § 8-24 and secured a valid personal judgment if he was so entitled. Plaintiff's remedy was complete and unaffected by the absence of defendant. Under these circumstances § 8-33, the tolling statute, was not applicable and plaintiff was required to avail himself of the mode of service of process provided by the nonresident motorist statutes within two years after his cause of action arose.

We hold that the trial court was correct in sustaining defendant's special plea of the statute of limitations and in dismissing the case from the docket.

Accordingly, the judgment appealed from is

*Affirmed.*