REVA GAY KISNER

*v.*

ANTHONY FIORI

*and*

HOWARD A. KISNER

*v.*

ANTHONY FIORI

(CC 871)

Submitted September 19, 1967. Decided October 17, 1967.

*Harry R. Cronin, Jr.,* for plaintiff.

*Furbee, Amos, Webb & Critchfield, Alfred J. Lemley,* for defendant.

HAYMOND, JUDGE:

These two civil actions, consolidated in the trial court and here on certificate, were instituted in the Circuit Court of Marion County March 27, 1967, by the plaintiffs, Howard A. Kisner and Reva Gay Kisner, his wife, for the recovery of property damages, personal injuries and loss of consortium, which resulted from a collision which occurred May 10, 1953, in the City of Fairmont, West Virginia, between an automobile owned and operated by the plaintiff Reva Gay Kisner and an automobile owned and operated by the defendant Anthony Fiori.

By written stipulation between the parties which is made a part of the record it appears that at the time of the collision the defendant was a resident of Marion County, West Virginia; that on July 10, 1953 he moved to the City of Niagra Falls, in the State of New York, and has resided in that city and state continuously since that date; that on April 26, 1954, two seperate actions were instituted in the Circuit Court of Marion County by the respective plaintiffs against the defendant for personal injuries and property damage resulting from the collision on May 10, 1953; that the defendant appeared specially and entered pleas in abatement to such actions; and that the pleas in abatement were sustained and the actions were dismissed without prejudice to the plaintiffs.

On March 27, 1967, the defendant, while visiting in Marion County, was personally served with process in each of these actions.

On April 10, 1967, the defendant moved the circuit court to dismiss each action on the ground that neither action was commenced within two years next preceding the date on which the cause of action arose. To the motion in each action the plaintiff, by written reply, alleged that the defendant on and since July 10, 1953 was absent from the jurisdiction of the court and could not be served with process and that by reason of the wilful absence of the defendant from the State of West Virginia and his wilful obstruction of the right of the plaintiff to prosecute such action the operation of the statute of limitations was suspended during the period of such absence of the defendant.

By order entered April 14, 1967, the circuit court overruled the motion of the defendant to dismiss each action and on April 21, 1967, on its own motion and the motion of the defendant, certified the questions arising on such motions to this Court.

The effect of the motions to dismiss was to challenge the sufficiency of the complaint in each action for failure to state a claim upon which relief can be granted, as provided by Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, and to present questions of law which may be considered and reviewed by this Court upon certificate.

The questions certified are (a) Did the defendant become subject to service of process in 1961 by virtue of the 1961 amendment, Chapter 56, Article 3, Section 31(c)(3) of the Code of West Virginia, 1931, as amended, even though the causes of action arose in 1953; and (b) If the answer to question (a) is affirmative, did the provisions of Chapter 55, Article 2, Section 12 of the Code of West Virginia, 1931, as amended, in effect in 1953, bar the plaintiffs' causes of action?

At the time the cause of action of each of the plaintiffs arose on May 10, 1953, Chapter 55, Article 2, Section 12, Code, 1931, as amended, was in effect, and that statute provided that every personal action for which no limitation was otherwise prescribed should be brought (a) within two years next after the right to bring the same shall have accrued, if it be for a matter of such nature that, in case a party die, it can be brought by or against his representative; and (b) if it be for a matter not of such nature, should be brought within one year next after the right to bring the same shall have accrued, and not later. That statute was amended and reenacted by Chapter 2, Article 2, Section 12, Acts of the Legislature, 1959, Regular Session, and as amended provides, to the extent here pertinent, that every personal action for which no limitation is otherwise prescribed shall be brought (a) within two years next after the right to bring the same shall have accrued, if it be for damages to property, and (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries. That statute is not retroactive and does not apply to a cause of action which accrued before its enactment; and such cause of action and any action based upon it are governed by the one year statute of limitations in effect when such cause of action arose. *Roderick v. Hough,* 146 W. Va. 741, 124 S. E. 2d 703.

Chapter 55, Article 2, Section 17, Code, 1931, also provides, in part, that ''Where any such right as is mentioned in this article shall accrue against a person who had before resided in this State, if such person shall, by departing without the same, or by absconding or concealing himself, or by any other indirect ways or means, obstruct the prosecution of such right, * * *, the time that such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted.'' In *Fisher's Ex'rs. v. Hartley,* 48 W. Va. 339, 37 S.E.

578, 86 Am. St. Rep. 39, 54 L.R.A. 215, this Court held in point 4 of the syllabus that "Departure from and residence out of the state after the accrual of the right of action are, of their own force, an obstruction to the prosecution of such right of action, excusing from the statute of limitations."

Chapter 56, Article 3, Section 31, Code, 1931, as amended, which relates to actions by or against nonresident operators of motor vehicles involved in highway accidents, was amended and reenacted by Chapter 3, Article 3, Section 31, Acts of the Legislature, 1961, Regular Session, enacted March 9, 1961 and effective ninety days from its passage, and as amended provides, to the extent here pertinent, that "nonresident" shall mean any person who is not a resident of this State or a resident who has moved from the State subsequent to any accident or collision dealt with by Section 31 of the statute and that such section shall not be retroactive and its provisions shall not be available to a plaintiff in a cause of action arising or an accident occurring prior to the date that such section takes effect.

The defendant seeks to reverse the rulings of the circuit court on the ground that by virtue of the 1961 amendment to Chapter 56, Article 3, Section 31(c)(3), Code, 1931, as amended, the defendant became subject to service of process in 1961 when the amendment became effective and as the plaintiffs could have obtained valid personal judgments by serving process upon the state auditor before the expiration of the period of limitation provided by Chapter 55, Article 2, Section 12, Code, 1931, as amended, the continued absence of the defendant from the State after the 1961 amendment became effective did not obstruct any right of the plaintiffs to prosecute the actions within the meaning of Chapter 55, Article 2, Section 17, Code, 1931; and that as almost six years had elapsed after the 1961 amendment took effect before the actions were instituted and process served on the defendant were

barred by the applicable statute of limitations. In support of the foregoing contentions the defendant cites some decisions from other jurisdictions to the effect that a nonresident motorist statute which is silent as to its prospective or retrospective effect but provides that a resident who becomes a nonresident of the State may be personally served with process in the manner provided by such statute is a procedural statute and should be given retroactive effect. See *Sawyer v. Taylor,* U. S. District Court, Colorado, 225 F. Supp. 555; *Ogdon v. Gianakos,* 415 Ill. 591, 114 N. E. 2d 686; *Jones v. Garrett,* 192 Kan. 109, 386 P. 2d 194; *Tellier v. Edwards,* 56 Wash 2d 652, 354 P. 2d 925.

The defendant also cites and relies upon the decision of the Supreme Court of Appeals of Virginia in *Bergman v. Turpin,* 206 Va. 539, 145 S.E. 2d 135, in which the court held that if a plaintiff could have obtained service of process on the defendant under a nonresident motorist statute before the expiration of the two year statute of limitations and could have obtained a valid personal judgment, the departure of the defendant from the state did not obstruct the right of the plaintiff to prosecute his action against the defendant within the meaning of the statute tolling limitations in cases of departure from the state and that the action was barred because not instituted within the two year period of limitations.

The contention of the defendant, supported by the first cited cases, is without merit for the reason that the nonresident motorist statute, Chapter 56, Article 3, Section 31, Code, 1931, as amended and reenacted by Chapter 3, Article 3, Section 31, Acts of the Legislature, 1961, Regular Session, which was passed March 9, 1961 and became effective ninety days from its passage, expressly provides that "This section shall not be retroactive and the provisions thereof shall not be available to a plaintiff in a cause of action arising or an accident occuring prior to the date this section takes effect." For the same reason the Virginia case of

*Bergman v. Turpin,* 206 Va. 539, 145 S. E. 2d 135, which is in accord with the weight of authority, is inapplicable to the instant litigation.

In the *Bergman* case the applicable nonresident motorist statute was in effect when the cause of action accrued and was not enacted, as here, after the cause of action arose; and it was not necessary to seek to give that statute retroactive effect as the defendant here attempts to do. As the 1961 amendment to Section 31 of the statute, by its express terms, is not to be given retroactive effect, the amendment does not apply to the cause of action on which each of the present actions is based and the one year statute of limitations, Chapter 55, Article 2, Section 12, Code, 1931, as amended by Chapter 2, Article 2, Section 12, Acts of the Legislature, 1949, Regular Session, which was in effect when each cause of action arose, applies to each of these actions; and the operation of that statute was suspended by the departure and the absence of the defendant from this State until he was personally served with process in Marion County.

This Court has said in numerous decisions that a statute is presumed to operate prospectively unless the intent that it shall operate retroactively is clearly expressed by its terms or is necessarily implied from the language of the statute, *Roderick v. Hough,* 146 W. Va. 741, 124 S. E. 2d 703, and the many cases cited in the opinion in that case. When, however, the language of the statute expressly declares, as does the language of paragraph (e), Section 31 of the nonresident motorist statute of this State, that the statute shall not be retroactive it is obvious that the statute must be given prospective effect.

An amendment to the nonresident motorist statute, Chapter 56, Article 3, Section 31, Code, 1931, as amended, which provides that a resident who has moved from this State subsequent to an accident or collision may be served with lawful process in any

action or proceeding against him, which was enacted and did not take effect until after a cause of action accrued and which expressly provides that such statute shall not be retroactive and its provisions shall not be available to a plaintiff in a cause of action arising prior to the date the statute takes effect, does not apply to such cause of action; and, as the operation of the applicable statute of limitations is tolled by and during the absence of such resident from this State subsequent to the accrual of the cause of action, an action based on such cause of action is not barred by such statute of limitations.

The decision in these consolidated actions is controlled by the express provisions of Chapter 56, Article 3, Section 31(e), Code, 1931, as amended, that "This section shall not be retroactive and the provisions thereof shall not be available to a plaintiff in a cause of action arising or an accident occurring prior to the date this section takes effect." By those provisions Section 31 of the statute can not be given retroactive effect and the plaintiff in each of these actions could not have obtained valid service of process and secured a valid personal judgment against the defendant during the period of the absence of the defendant from this State. It follows that neither action is barred by the applicable one year statute of limitations in effect when each cause of action arose and the action of the circuit court in so holding by overruling the motions of the defendant to dismiss each action was correct.

The answer to each of the certified questions is in the negative and the rulings of the circuit court are affirmed.

*Affirmed.*