# LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Spinella

v.

Lynch

May 27, 1969

Case No. (Law) 2070

By JUDGE WALTER A. PAGE

I am advised by Mr. Moulton's office that he does not care to respond to Mr. Rutherford's letter of April 9 and, consequently, am prepared to decide the issue raised by counsel for the defendant's motion to dismiss for failure of the plaintiff to comply with Rule 3:3 of the Rules of Supreme Court of Appeals which reads: "No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him."

The motion for judgment was filed on May 13, 1966, and after the return of "Not Found" was made, no efforts were made to serve the defendant until April of 1968. In the interim, as the stipulation of facts and enclosures attached thereto will indicate, there was correspondence between counsel for the plaintiff and the representatives of the defendant in this case. The defendant died on November 6, 1966.

Counsel for the defendant, as set forth in his letters to the court in more detail, takes the position that the plaintiff has not exercised due diligence to perfect timely service because the plaintiff had available the provisions of the nonresident motorist statute, and cites the case of *Bergman v. Turpin*, 206 Va. 539 (1965), as analogous. While that case deals with the statute of

limitations and points out that suits cannot be allowed to be postponed indefinitely depriving a defendant of a defense, preventing his knowledge of an action until years have passed, the Supreme Court of Appeals, in deciding another matter not related to what is before the court at this time, has said that the due diligence required should be proportioned to the injurious consequences likely to result from delay. See *Simmons v. Palmer*, 93 Va. 389 (1896). It is clear that the portion of the Rule in issue here was designed to prevent a person from filing a motion for judgment within the statute of limitations and then failing to do anything further in prosecution of its action against the defendant by way of obtaining service of process. In the instant case the representatives of the defendant were fully cognizant of the motion for judgment and under the circumstances the court is of the opinion that the defendant cannot rely upon this Rule to defeat the plaintiff's action.

An order overruling the motion to dismiss, preserving counsel for the defendant's exception thereto, may be presented.