MONTY SHANHOLTZ

*v.*

MONONGAHELA POWER COMPANY

(CC914)

Decided July 10, 1980.

*John F. McCuskey, McCuskey, Martin & Lavender,* for plaintiff.

*Herbert G. Underwood, Steptoe & Johnson,* for defendant.

CAPLAN, JUSTICE:

This case is before the Court on certification from the Circuit Court of Harrison County. There, the court granted Monongahela Power Company's motion to dismiss and, upon the motion of the plaintiff, certified its

ruling to this Court for decision. Although no issue was made of the fact that the procedure employed below does not conform to the appropriate certification statute, it may be well to point out for further proceedings that certified questions "... may, in the discretion of the circuit court ... and shall, on the joint application of the parties to the suit ..." be certified to this Court for its decision. *W.Va. Code*, 1931, 58-5-2, as amended.

The defendant, Monongahela Power Company, moved to dismiss on the ground that the complaint failed to state a cause of action upon which relief could be granted. The court granted the motion and certified the following three questions:

1. Does an employee, under an at-will employment contract, have a cause of action for breach of contract if the employer discharges him in retaliation for filing a workman's compensation claim, as stated in Count I of the plaintiff's complaint, thereby bringing him within the five-year rather than the two-year statute of limitations?

2. Is the cause of action stated in Counts II and III of plaintiff's complaint barred by the two-year statute of limitations?

3. Must West Virginia Code, Chapter 23, Article 5A, Section 1, be given retrospective or prospective application?

The effect of the court's final order was to answer the first question in the negative; the second question in the affirmative; and, the third that the code section would be given prospective application.

On January 27, 1975, the plaintiff was hired by Monongahela Power as a maintenance man at its facility in Harrison County. There was no written contract of employment. During such employment the plaintiff, in January, 1976, was injured when a cart in which he was riding as a passenger, was driven into a door. By reason of this injury, he was awarded temporary benefits under the workmen's compensation law. Later that year, in

June, Mr. Shanholtz began to suffer "severe nosebleeds" and, because of the worsening of that condition, was given an eight-week medical leave.

Alleging that his condition was related to his work, the plaintiff, in September, 1976, filed a claim for occupational disease benefits. Subsequent to protest hearings and an appeal to the Workmen's Compensation Appeal Board in 1979, his claim was held to be work related, compensable and chargeable to the power company.

Approximately three weeks after the plaintiff filed his claim for occupational disease benefits, the power company, on October 13, 1976, terminated his employment, effective October 15, 1976. The letter of termination stated that he was "unable to satisfactorily fulfill [his] job requirements."

Mr. Shanholtz, alleging that his discharge was in retaliation for his efforts to obtain workmen's compensation benefits, on August 14, 1979, filed on action against Monongahela Power Company in the Circuit Court of Harrison County. In Count I of his complaint the plaintiff charged that the defendant breached on oral contract of employment by discharging him in retaliation for his attempt to pursue his remedies under the workmen's compensation law. Count II charged that his reputation had been damaged and that he had been greatly humiliated and embarrassed as a direct and proximate result of the power company's negligent, tortious and unlawful termination of his employment. Finally, in Count III the plaintiff charged that the defendant power company breached a statutory duty owed to the plaintiff. That duty is reflected in *W.Va. Code*, 1931, 23-5A-1, as amended, passed by the 1978 legislature and made effective July 1, 1978. It provides:

> No employer shall discriminate in any manner against any of his present or former employees because of such present or former employee's receipt of or attempt to receive benefits under this chapter.

In its answer Monongahela Power, reciting that the plaintiff's complaint was not filed within one or two years following the accrual of his alleged cause of action, pleaded that such action was barred by the applicable statute of limitations. In addition, its answer denied the pertinent allegations of the plaintiff.

Upon consideration of the above pleadings and memoranda submitted by the parties, the court dismissed the plaintiff's complaint. The court held that on oral contract of employment is terminable at will, "although such dismissal may result in a cause of action in tort for retaliatory discharge." The court then held that the complaint must be dismissed because the action was not filed within two years following the accrual of the alleged cause of action. It said: "the tort action for retaliatory discharge is barred by the two-year statute of limitations." Furthermore, the court held the above quoted statute to be prospective in its application.

In order to answer the first certified question, a determination must be made as to whether Count I of the complaint sounds in contract or in tort. An action on an oral contract must be filed within five years next after the right to bring the same shall have accrued. A tort action must be brought within one or two years after the cause of action shall have accrued. See *W.Va. Code*, 1931, 55-2-6 and 55-2-12, as amended, respectively.

It appears from the record that the plaintiff was discharged from his employment in October, 1976. His action was instituted in August, 1979. Applying the above statutory limitations, if the action was in tort it is barred (55-2-12); if in contract, it may be brought anytime prior to October, 1981.

It is readily conceded that the contract of employment in this case was not in writing and that it was at-will employment. Employment at-will is of indefinite duration and, until *Harless v. First National Bank in Fairmont*, ___ W.Va. ___, 246 S.E.2d 270 (1978), could be terminated at any time by either party to the contract.

*Wright v. Standard Ultramarine and Color Company*, 141 W.Va. 368, 90 S.E.2d 459 (1955).

In an earlier case the Court said "[u]nder the law governing the relation of master and servant, an employment, unaffected by contractual or statutory provisions to the contrary, may be terminated, with or without cause, at the will of either party." *Bell v. South Penn Natural Gas Company*, 135 W.Va. 25, 62 S.E.2d 285 (1950). See also 56 C.J.S. *Master and Servant*, § 31.

Lending a more realistic approach to this issue, the Court, in *Harless, supra*, tempered the above quoted rule in the following language:

> The rule that an employer has an absolute right to discharge an at will employee must be tempered by the principal that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge.

In that case Harless was an at-will employee when he was discharged. He thereafter brought an action against the bank complaining that his discharge was in retaliation for his efforts to bring to the attention of and require the bank to operate in compliance with state and federal consumer credit and protection laws. He alleged that the bank's conduct leading to his discharge was intentional, malicious and outrageous causing him severe emotional distress. There, the court granted a motion to dismiss and certified its ruling here.

This Court, in footnote 5 of *Harless*, said: "Since this case is before us on a certified question solely on the issue of whether a cause of action exists, we do not reach the issue of the element of damages except to say the cause of action is one in tort and it therefore follows that rules relating to tort damages would be applicable." Although this statement appears to be dictum, it nevertheless shows the inclination of the Court to hold that such action sounds in tort. We now confer upon that inclination the status of a holding, thereby declaring

that any cause of action this plaintiff had was in tort and that the statute of limitations embodied in *W.Va Code*, 1931, 55-2-12, as amended, is applicable.

In so holding we are not unaware of *Cochran v. Appalachian Power Company*, ___ W.Va. ___, 246 S.E.2d 246 (1978), wherein the Court said:

> A complaint that could be construed as being either in tort or on contract will be presumed to be on contract whenever the action would be barred by the statute of limitations if construed as being in tort.

The instant case is distinguishable from *Cochran* in that here there was no manner in which the alleged contract of employment could be breached by termination thereof. Either party could terminate the at-will employment with or without cause and no cause of action would accrue. Only by a tortious act could a cause of action accrue to the plaintiff. The wrong done, if any, is not the act of discharging the plaintiff (the employer had that right under the alleged at-will employment contract), but the act of contravening public policy in carrying out such discharge. The plaintiff complained that he was the recipient of a retaliatory discharge—that is—that the defendant fired him because he sought workmen's compensation benefits. See *Sventko v. Kroger Co.*, 69 Mich. App. 644, 245 N.W. 2d 151 (1976) and *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E. 2d 425 (1973), wherein it was held that it was a contravention of public policy and actionable to discharge an employee because he filed a workmen's compensation claim against his employer. In *Cochran, supra,* the facts were such that it was consistent with reason to conclude that the complaint sounded in contract. We therefore affirm the trial court's ruling and answer the first certified question in the negative.

Our finding that the complaint sounds in tort compels us to answer the second certified question in the affirmative – that Counts II and III are barred by the statute of limitations. As heretofore noted, more than two

years have passed since the accrual of the cause of action.

The plaintiff contends that the two-year statute of limitations does not begin to run until he discovers or should have discovered the tortious act. While there is law to that effect,[1] the facts here do not lend themselves to the application of such law. Those cases involved legal malpractice, medical malpractice and subterranean mining trespass and are inapposite to the instant case. Here, the plaintiff's employment was terminated, effective October 15, 1976. At the time of his discharge he knew or should have known whether or not he had a cause of action. Nothing appears in the record that would show that the employer concealed its reason for firing the plaintiff—in fact, the plaintiff was told in writing that his employment was terminated for "being unable to satisfactorily fulfill your job requirements." That contention is without merit.

Answering the third certified question we affirm the trial court, holding that *W.Va. Code*, 1931, 23-5A-1, as amended, must be applied prospectively. The general rule is that a statute is presumed to be prospectively applied and that retroactive application is warranted only where the legislative intent to so do is clearly indicated. See *Woodring v. Whyte*, ____ W.Va. ____, 242 S.E. 2d 238 (1978); *Kisner v Fiori*, 151 W.Va. 850, 157 S.E. 2d 238 (1967); Vol. 2, Sutherland Statutory Construction (Sands 4th ed.) § 41.04; 73 Am. Jur. 2d, *Statutes*, § 350, et seq., and 17 M.J. *Statutes*, § 73.

While there may be some relaxation of the general rule for statutes purely procedural or remedial in nature, such is not the case here. The statute contains no language from which we could infer that the legislature intended retrospective application; nor do we find the statute to be procedural or remedial in nature. It reads:

---

[1] *Family Savings and Loan, Inc. v. Ciccarello*, 157 W.Va. 983, 207 S.E. 2d 157 (1974); *Morgan v. Grace Hospital*, 149 W.Va. 783, 144 S.E. 2d 156 (1965); *Petrelli v. West Virginia—Pittsburgh Coal Company*, 86 W.Va. 607, 104 S.E. 103 (1920).

> No employer shall discriminate in any manner against any of his present or former employees because of such present or former employee's receipt of or attempt to receive benefits under this chapter.

The statute confers a substantive right upon employees who may be discriminated against in retaliation for their "receipt of or attempt to receive benefits under this [Workmen's Compensation] chapter." It is a codification of what we perceive to be the law, that is, it is a contravention of public policy and actionable to discharge an employee because he filed a workmen's compensation claim against his employer. *Sventko v. Kroger Co.*, supra; *Frampton v. Central Indiana Gas Co.*, supra.

Black's Law Dictionary, 5th Ed., at page 1281, succinctly defines "substantive law" as "[t]hat part of law which creates, defines, and regulates rights, as opposed to 'adjective or remedial law', which prescribes methods of enforcing the rights or obtaining redress for their invasion. That which creates duties, rights and obligations, while 'procedural or remedial law' prescribes methods of enforcement of rights or obtaining redress . . . " *W.Va. Code*, 1931, 23-5A-1, as amended, clearly falls within Black's definition.

For the reasons stated in this opinion the rulings of the trial court are affirmed.

*Rulings affirmed.*

NEELY, CHIEF JUSTICE, *concurring:*

One of the serious problems with "evolving case law," the so-called pride of the common law about which law professors wax eloquently during orientation for first year law students, is that general law emerges from very specific factual situations. Such was the case in *First National Bank*, cited in the majority opinion; under the facts described by the majority, sympathy for the discharged employee was inevitable. I was disqualified in *First National Bank*, and for that reason unable

to register my disapproval of its creation of a new cause of action; now, however, since its syllabus is again quoted I would register my dissent to the general rule of law enunciated in *First National Bank* in the context of the case before us.

It is important for judges to recognize that the primary effect of the courts is not upon the cases which they decide, but rather upon the cases which they *do not* decide. As I pointed out in my dissent to *Mandolidis v. Elkins Industries, Inc.,* ___ W.Va. ___, 246 S.E.2d 907 (1978), the existence of a narrow cause of action for egregious conduct frequently distorts relations between people because it creates an invitation to nuisance suits. When we say that a will and pleasure employee can be fired for any reason EXCEPT that he refused to follow orders to violate the law, then every discontented employee is invited to find some reason why his termination was predicated on his resistance to illegal action. While it may be just in the grand scheme of things to protect employees who urge their employers to be honest, it is unjust to the economic system to foster nuisance suits which will undermine efficiency, raise costs, and destroy morale by leaving inferior employees in place because employers fear litigation.

Judges must be circumspect about the long run effects of general rules on the actions of people outside the litigation process. A free enterprise, private sector economy is predicated upon there being winners and losers in the competitive process. Successful competition on the part of one person or firm generally results in unsuccessful competition on the part of another person or firm. Discharge is always a most unpleasant experience regardless of its reasons and in general it engenders bitterness. The injustice to employers by encouraging frivolous litigation outweighs any justice to the very rare employee who is discharged for his honesty. Consequently, since a will and pleasure employee in the private sector has no common law right to his job I would not create a common law exception to the general rule.