297 S.E.2d 441

**Mary W. Grittner NICKEY**

v.

**Roger P. GRITTNER.**

**No. 15531.**

Supreme Court of Appeals of West Virginia.

Oct. 28, 1982.

---

**36**

John C. Skinner, Jr., Nichols & Skinner, Charles Town, for appellant.

Fred D. Clark, Clark & Thompson, Charleston, for appellee.

PER CURIAM:

Mary W. Grittner Nickey appeals from an order of the Jefferson County Circuit Court, which dismissed her action for arrearages in child support payments, on the grounds of *res judicata*. She contends, *inter alia*, that there had not been a previous judgment on the merits of her claim, and thus the trial court improperly granted the appellee's motion to dismiss. We agree, and we reverse.

The essential facts of the case are not in dispute. On December 8, 1969, appellant and the appellee, Roger P. Grittner, then husband and wife, executed a separation agreement in Pennsylvania. By its terms, the appellee agreed to pay $70 per week for support of the parties' three minor children. The agreement further provided that either party could seek alteration of the weekly payment amount in the Domestic Relations Court of Lycoming County or a similar court in another jurisdiction; that the agreement would survive any action for divorce; and that its terms would be governed by Pennsylvania law.

On February 4, 1970, the appellant was granted a divorce from the appellee by the Court of Common Pleas of Lycoming County, Pennsylvania. The divorce decree did not mention the separation agreement, nor did it provide for any payment of child support.

The appellant later moved to Virginia, and the appellee moved to Jefferson County, West Virginia. On November 20, 1980, the appellant filed a civil action in the Circuit Court of Jefferson County, and by her Amended Petition filed January 7, 1981 sought a judgment of $2,870 for arrearages in child support payments under the separation agreement, and an increase in the amount of future payments.

After a hearing, the circuit court entered an order on January 22, 1981, approving and adopting an agreement between the parties as to future child support payments. The order further stated:

"The Court declines to rule on the question of accrued back child support in the belief that this is a matter to be

settled in the Courts of Pennsylvania where the support order originated."

On March 9, 1981, the appellant filed another civil action in the Jefferson County Circuit Court, seeking a judgment of $3,220 under the contract of December 8, 1969. The appellee served a Motion to Dismiss the Complaint on March 26, 1981, on the grounds of *res judicata,* lack of subject matter jurisdiction, estoppel, payment and release, accord and satisfaction, laches, statute of limitations, and waiver. At a hearing on the motion, counsel for the parties tendered copies of the separation agreement, the divorce order, the appellant's Amended Petition in the previous action, and the circuit court's order of January 22, 1981.

On May 7, 1981, the circuit court entered an order which provided, in pertinent part:

"It appearing to the Court that the subject matter of this proceeding is of the same subject matter as that proceeded upon by the Petitioner in a matter previously filed with the Clerk of this Court, ... and that the Court did by Order bearing date the 22nd day of January, 1981, rule that the matter was to be settled in the Court of Pennsylvania where from whence the support Order originated, which support Order is the subject matter of this Complaint, and it further appearing to the Court that by syllabus point 2 of the Supreme Court of Appeals in *State ex rel. Shamblin v. Dostert,* 255 S.E.2d 911 (1979), that the Supreme Court of Appeals did hold in part as follows: 'One circuit court may not directly or indirectly interfere with orders of another circuit court unless specifically provided by statute or civil rule regardless of how erroneous such orders may be,' it is therefore ORDERED and ADJUDGED that the Defendant's Motion to Dismiss is granted ...."

The appellant contends that the trial court improperly dismissed her complaint on the grounds of *res judicata* because there had been no prior adjudication on the question of back child support under the contract in any court; and the January 22 order of the circuit court, relied upon for dismissal, was merely a refusal to rule at all on her claim for arrearages.

The appellee responds that the first order of the circuit court was *res judicata,* since the question of back child support was before the court at that time, and was decided by the court's determination that the matter should be settled in the Pennsylvania courts.

■■■ "Before the principles of *res judicata* can be involved, there must have been an adjudication on the merits of a case." Syl. pt. 1, *Rife v. Woolfolk,* 169 W.Va. 660, 289 S.E.2d 220 (1982), *quoting,* Syl. pt. 6, *Johnson v. Huntington Moving and Storage, Inc.,* 160 W.Va. 796, 239 S.E.2d 128 (1977). In *Rife, supra,* we recognized that an adjudication upon the merits contemplates that the parties have an opportunity to present testimony and evidence in support of their respective positions. In the instant case, the appellant was not allowed to present evidence on her claim for arrearages under the contract in the first action, because of the court's erroneous determination that it did not have jurisdiction over the matter. The refusal of a court to take jurisdiction of a claim because another court has sole jurisdiction of the case is not a judgment upon the merits. *See, Commonwealth v. McCue's Ex'rs.,* 109 Va. 302, 63 S.E. 1066 (1909). Because the January 22 order was not a judgment upon the merits of appellant's claim for arrearages under the contract, the lower court erred in finding that it could not interfere with that order.

■■■ Although the circuit court in the first action did render a final judgment as to the amount of future child support payments, it expressly refused to rule on the question of back child support, reserving the issue for further action by the Pennsylvania courts. As we held in Syllabus point 3 of *West Virginia Sanitary Engineering Corp. v. Kurish,* 137 W.Va. 856, 74 S.E.2d 596 (1953):

" 'An issue held to be not properly before the court and left expressly undetermined, may be raised in further proceedings between the parties.' Point 6,

**38**

syllabus, *New River & Pocahontas Consolidated Coal Company v. Eary*, 115 W.Va. 46 [174 S.E. 573]."

Therefore, the doctrine of *res judicata* does not bar appellant's second action based upon the contract.

■ The appellant also contends that there was nothing in the record before the circuit court that would indicate that any other court had entered a judgment on the merits of her contract action. We note that in both of its orders, the circuit court incorrectly stated that appellant's claim for arrearages was based upon a support order from the Pennsylvania court, which it apparently believed should be enforced in Pennsylvania. We need not address the issue of jurisdiction over foreign support decrees, because the record clearly shows that the appellant's action was based upon the separation agreement entered into by the parties on December 8, 1969. The Pennsylvania divorce decree does not incorporate the terms of this agreement, nor does it make any mention of child support. There is no evidence that a Pennsylvania court is actively taking jurisdiction over this matter; further, Pennsylvania is not even a convenient forum, since the appellee lives in West Virginia, and the appellant in Virginia. The appellant is certainly entitled to bring an action in West Virginia upon the contract which was entered into in Pennsylvania.

■ The appellee calls our attention to the clause in the contract that provides that its terms "shall be governed by, and interpreted according to, the law of the Commonwealth of Pennsylvania." This provision does not affect the enforceability of this contract in a West Virginia court. The Jefferson County Circuit Court need only apply Pennsylvania law in determining the rights of the parties under the agreement. As we stated in Syllabus point 2 of *In re Fox' Estate*, 131 W.Va. 429, 48 S.E.2d 1 (1948):

> "The laws of the state where a contract is made and is to be performed determine the substantive rights of the parties to such contract; but in the enforcement of those rights by litigation,

the procedural laws of the state where enforcement is sought control."

*See, e.g., Kolendo v. Jerell, Inc.,* 489 F.Supp. 983 (S.D.W.Va.1980).

The appellant raises a number of other grounds for reversal, none of which needs be considered here, in light of our decision on the *res judicata* issue.

Accordingly, the judgment of the Circuit Court of Jefferson County is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.