**Rosamond F. WOLFE, Plaintiff,**

v.

**KAISER ALUMINUM AND CHEMICAL COMPANY, Defendant.**

**Civ. A. No. 83–A125.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

May 9, 1986.

John Boettner, Jr., Boettner & Crane, Charleston, W.Va., for plaintiff.

E. Glenn Robinson and Michael B. Victorson, Robinson & McElwee, Charleston, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending before the Court in this action is the motion of the Defendant for summary judgment. In support of its motion, the Defendant has filed a memorandum of law, a copy of the Plaintiff's deposition and an affidavit. Although provided ample opportunity, the Plaintiff has not responded. The Court now deems the matter mature for decision.

The Plaintiff, Rosamond F. Wolfe, brings this action claiming that her employment with the Defendant, Kaiser Aluminum and Chemical Company, was terminated in retaliation for a workers compensation award which she received. The record reveals that in 1981 the Plaintiff broke her wrist while at a conference being held at a local motel. She had complications with the injury and, consequently, missed several months of work. She applied for and received compensation from the West Virginia Workers Compensation Commission.

On returning to work, or shortly thereafter, the Plaintiff was placed in the Defendant's Outplacement center. The office was set up to handle the discharge of employees and the attendant problems of the employees. The Plaintiff was assigned to do secretarial work in the office. While performing her duties, she came across a list of employees who had been discharged or were to be discharged. She apparently made a list, or lists, of those employees. She later read that list over the telephone to a fellow employee who did not work in the Outplacement center. The Plaintiff was subsequently discharged for allegedly divulging confidential information.

The Court's role here is not to directly determine whether the Plaintiff was discharged for cause. The issue is whether the Plaintiff's pursuit of her rights under the workers compensation laws of West Virginia had anything to do with her loss of employment. Naturally, the legitimacy of the professed reason for the discharge may have some bearing on the ultimate issue.

The Plaintiff was an "at will" employee. Plaintiff's deposition at 91–92. As such she had no contractual right to employment with the Defendant.* She could be discharged for any reason, good or bad, which did not contravene some substantial public policy. *Harless v. First National Bank in Fairmont,* 162 W.Va. 116, 246 S.E.2d 270 (1978). To retaliate against an employee who seeks workers compensation benefits would violate the public policy of West Virginia. *Shanholtz v. Monongahela Power Co.,* 165 W.Va. 305, 270 S.E.2d 178 (1980); *see also W.Va.Code,* § 23–5A–1.

---

* The West Virginia Supreme Court of Appeals recently added an extra wrinkle to the employment at will doctrine. In *Cook v. Heck's,* 342 S.E.2d 453 (W.Va.1985), the court held that representations in an employee handbook could provide grounds for a unilateral contract. The case at bar is unaffected by this decision. The Plaintiff has offered no evidence of a contractual relationship, flowing from a handbook or otherwise, to controvert the Defendant's assertion that merely an at-will relationship existed.

The Plaintiff does not deny that she made a list of those employees targeted for discharge. Neither does she deny that she read a list of the names to a coworker. Rather, the Plaintiff contends that she did not know that the employee lists were confidential. Implicit in the Plaintiff's position is the argument that the charge of divulging confidential information was a pretext for retaliating against the Plaintiff because she exercised her rights under the workers compensation laws. The Plaintiff acknowledges, however, that the Defendant did not oppose her workers compensation claim at the time she filed it. Plaintiff's deposition at 33. She also admits that the employee of the Defendant responsible for administering workers compensation claims was helpful in arranging her benefits. Plaintiff's deposition at 34. Finally, the Plaintiff admits that at the time of her discharge she did not have reason to believe that she was being fired for any other reason than those stated to her. Plaintiff's deposition at 86.

Confronted with the damaging deposition testimony and the affidavit of R. Leon Yoder, the Plaintiff's former supervisor, the Plaintiff has failed to come forward with any competent evidence to substantiate her claim. She has chosen instead to rest upon the conclusory allegations of her complaint. Such reliance is not sufficient to resist summary judgment. *Rule* 56(e) explicitly provides that a "party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *See also International Woodworkers of America v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259 (4th Cir.1981); *White v. Boyle*, 538 F.2d 1077 (4th Cir.1976). Plaintiff has failed to meet her burden here.

On the uncontroverted state of facts before it, the Court can only conclude, giving the Plaintiff the benefit of every inference, that no genuine issue of material fact exists as to the cause of the Plaintiff's discharge. It appears conclusive that the Plaintiff was discharged solely for deliberately divulging information which the Defendant considered to be confidential.

Accordingly, the Court grants the Defendant's motion and will enter judgment for the Defendant on the Plaintiff's complaint. It is so ORDERED.