363 S.E.2d 130

**Ronald OAKES**

v.

**OXYGEN THERAPY SERVICES.**

**No. 17486.**

Supreme Court of Appeals of West Virginia.

Nov. 17, 1987.

Gilbert Wilkes, III, Wilkes & Wilkes, Martinsburg, for appellant.

Sally Jackson, Rice, Douglas & Shingleton, Martinsburg; for appellee.

NEELY, Justice:

The appellant, Ronald Oakes, was employed by Oxygen Therapy at its Hagers-

town, Maryland office in January, 1982. The appellant's duties were to pick up and deliver oxygen tanks in an area that included parts of Maryland and West Virginia. When the appellant was hired in Maryland, he signed an employment contract which provided that Maryland law would govern the contract.

In December, 1983 the appellant was injured in Maryland when he fell while delivering an oxygen tank. Appellant is a resident of West Virginia and after his accident he was hospitalized in Martinsburg, West Virginia where surgery was performed for a hernia caused by his injury. Appellant applied for and received Maryland workers' compensation; at the time of the proceedings below he was still unable to work and receiving benefits.

Paragraph 4 of the Employment Contract titled "Involuntary Termination" provides:

(a) Notwithstanding the provisions of paragraph 1 hereof, Employer shall have the right to terminate this Agreement at any time during the term hereof for "just cause". For purposes of this paragraph 4, the term "just cause" shall mean (i) the inability of Employee, by reason of physical or mental disability, to continue a high level of performance of his duties hereunder for a period of ninety (90) substantially consecutive days, . . .

The appellee, Oxygen Therapy, discharged the appellant in January, 1984, allegedly because he would be unable to continue a high level of his duties for ninety days, and informed the appellant of this decision in Martinsburg.

Appellant filed a complaint in the Circuit Court of Berkeley County claiming breach of contract and "retaliatory discharge." The gravaman of the "retaliatory discharge" count was that he had been discharged because he filed a workers' compensation claim. The appellee moved the court to apply Maryland law to both of the appellant's causes of action. The circuit court granted that motion and then awarded the appellee summary judgment under Maryland law.

The circuit court concluded that there is no civil cause of action in Maryland for "retaliatory discharge" because a person files a workers' compensation claim; rather, discharging a worker for making a workers' compensation claim is a criminal misdemeanor in Maryland. Both the appellant and the appellee agreed below that Maryland law governed the breach of contract cause of action; therefore, that ruling is not in dispute. However, appellant maintains that West Virginia has a cause of action for "retaliatory discharge," *Shanholtz v. Monongahela*, 165 W.Va. 305, 270 S.E.2d .178 (1980), and that because the discharge occurred in West Virginia, West Virginia law applies.

The heart of the plaintiff's choice of law argument is that because appellant was a patient in a West Virginia hospital at the time that the appellee's representative informed him of his discharge, the tort of "retaliatory discharge" occurred in West Virginia. On this issue the circuit court held:

This court cannot conclude that the plaintiff, in selecting a location of a hospital, was thereby enabled to select the substantive law forum while demanding the application of Maryland law under the contract and West Virginia law under tort recovery.

We agree with the circuit court and affirm.

"In general, this state adheres to the conflicts of law doctrine of *lex loci delicti*." Syllabus point 1 *Paul v. National Life*, 177 W.Va. 427, 352 S.E.2d 550 (1986). However, the *lex loci delicti* rule has generally been applied to clear-cut cases of physical injury. In the case before us we are dealing with an alleged tort whose very existence depends on the breath and legality of a Maryland employment contract.

Although in the past we have been critical of the fuzzy standards set forth in the *Restatement (Second) of Conflicts, (See Paul v. National Life, supra)* we have, nonetheless, on appropriate occasions repaired to the standards set forth in the *Restatement* to resolve particularly thorny conflicts problems. *See, e.g., New v. Tac & C Energy, Inc.*, 177 W.Va. 648, 355 S.E.2d

629 (1987). The case before us is sufficiently complex because of the relationship between the Maryland contract and appellant's tort theory that the *Restatement* standards provide useful guidance.

*Restatement (Second) of Conflicts of Law,* § 145–146 (1971) provides:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principle stated in § 6.

(2) Contacts being taken into account in applying the principle of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing injury occurred,

(c) the domicile, residence, nationality, place of incorporation, and place of business of the parties, and

(d) the place where the relationship, if any, between the parties, is centered.

These contacts should be evaluated according to their relative importance with respect to the particular issues.

Section 6 of the *Restatement* lists the following factors as important choice of law considerations in all areas of law.

(a) The needs of the interstate and international systems;

(b) The relevant policies of the forum;

(c) The relevant policies of other interested states and relative interest of those states in the determination of the particular issue;

(d) The protection of justified expectations;

(e) The basic policies underlying the particular field of law;

(f) Certainty, predictability, and uniformity of results; and

(g) Ease in the determination and application of the law to be applied.

In the case before us the plaintiff is a West Virginia resident. The defendant is a Delaware corporation authorized to do business in West Virginia. The plaintiff was employed by the defendant through the defendant's Hagerstown, Maryland office under an employment contract signed by the parties in Maryland that specified that Maryland law should apply to all matters arising under the contract. The plaintiff performed his duties in both Maryland and West Virginia, but his supervision and direction came from the appellee's Maryland office. When the appellant was injured, the injury occurred in the State of Maryland and the appellant filed for workers' compensation in Maryland. The decision to terminate the appellant's employment was made by the appellee through personnel at the appellee's Maryland office, although the appellant was notified of this decision while he was hospitalized in West Virginia.

Applying § 145(1), *Restatement (Second) of Conflicts of Law* to this case we find that Maryland has the most significant relationship to the occurrence and the parties, particularly under § 6(d), the protection of justified expectations. The parties specifically agreed in their contract that the employment relationship would be governed by the laws of the State of Maryland. It is mere happenstance that the appellant was in a West Virginia hospital when he received news of the termination of his employment. Appellant's claim for "retaliatory discharge" arises from his filing a *Maryland* workers' compensation claim and not a West Virginia workers' compensation claim. Had he filed a West Virginia workers' compensation claim, the criteria of § 6(b), namely, the relevant policies of the forum, would have become operative.

Our tort of "retaliatory discharge" is designed to protect West Virginia workers from employment discrimination when they file workers' compensation claims under West Virginia law. In this case, however, the workers' compensation claim was filed in Maryland and, therefore, the public policy to be vindicated is Maryland's public policy and not our own.

Accordingly, applying the *Restatement* criteria above to the totality of the circumstances in this case, we find that the Circuit Court of Berkeley County was correct

in holding that Maryland law applies to all issues. For that reason, the judgment of the circuit court is affirmed.

Affirmed.