866 F.2d 1415
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert W. GABLER, Patricia L. Gabler, Plaintiffs-Appellants,
v.
NATIONWIDE INSURANCE COMPANIES, Defendants-Appellees,
and
Thomas O. Gamble, Defendant
 No. 88-3870.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 15, 1988.
Decided: Jan. 30, 1989.
 
 Thomas C. Cady, Esquire for appellants.
 Charles S. Armistead, Baker & Armistead, L.C., for appellee.
 Before DONALD RUSSELL, ERVIN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert and Patricia Gabler appeal from the district court's order granting summary judgment for Nationwide Mutual Fire Insurance Company. Our review of the record, the district court's opinion, and legal briefs submitted by the parties on appeal discloses that this appeal is without merit.
 
 
 2
 The issue presented on appeal is whether the district court properly decided that this case is governed by Pennsylvania law, which does not allow private tort claims for unfair insurance settlement practices. D'Ambrosio v. Pennsylvania National Mutual Casualty Ins. Co., 494 Pa. 491, 431 A.2d 966 (1981). The Gablers contend West Virginia law allowing such claims should have been applied. Mutafis v. Erie Insurance Exchange, 328 S.E.2d 675 (W.Va.1985).
 
 
 3
 In diversity jurisdiction cases the choice of law rules of the forum state must be applied. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). When determining rights under a contract, West Virginia follows the rule of lex loci contractus: the law of the state where a contract is made and is to be performed governs the rights of the parties. Poffenbarger v. New York Life Ins. Co., 277 F.Supp. 726, 730 (S.D.W.Va.1967); Nickey v. Grittner, 297 S.E.2d 441 (W.Va.1982); Galloway v. Standard Fire Ins. Co., 45 W.Va. 237, 31 S.E. 969 (1898). In tort actions West Virginia applies lex loci delicti: the law of the place where the wrong occurred governs. Paul v. National Life, 352 S.E.2d 550, 556 (W.Va.1986).
 
 
 4
 The facts to which these rules must be applied are as follows: On June 7, 1983, the Gablers' home in Pennsylvania was destroyed by fire. At this time the Gablers were residents of Pennsylvania. The home was insured by Nationwide under a policy sold to the Gablers in Pennsylvania by a Pennsylvania insurance agent. Upon learning of the fire, Nationwide appointed an adjustor, whose residence and office were in Pennsylvania, to investigate the claim. Soon thereafter the Gablers moved to West Virginia and all communications concerning the claim took place across the state lines. The Gablers filed proof of loss on July 16, 1983, and the claim was paid within two months, as required by the insurance contract. In their complaint, the Gablers alleged that Nationwide engaged in unfair claims practices throughout the settlement negotiations.
 
 
 5
 The most recent West Virginia case relevant to the one now before the Court is Oakes v. Oxygen Therapy Services, 363 S.E.2d 130 (W.Va.1987), wherein Maryland law was applied rather than West Virginia law in an action for retaliatory discharge. In Oakes the West Virginia Supreme Court applied lex loci delicti and determined that although the plaintiff was in West Virginia when he was informed of his discharge, Maryland law should apply. Id. at 132. To make this determination, the court considered the factors listed in Restatement (Second) of Conflict of Laws Secs. 145-46 (1971) and found Maryland law controlling because the insurance contract was formed there, the physical injury and resulting claim occurred there, the defendant's business was located there, and the complained of decision was made there. Id. Based on these factors, the court concluded Maryland had the most significant relationship with the occurrence and parties.
 
 
 6
 In this case, the district court determined that Pennsylvania law should apply to the Gablers' suit because the contract was formed there, the claim for insurance proceeds was filed there, and the defendant's actions occurred there. Paralleling the holding of Oakes, it was found to be of no import that the Gablers were in West Virginia when they received communications from Nationwide rather than in Pennsylvania.
 
 
 7
 We agree with the reasoning of the district court, and, accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.