558 S.E.2d 691

**Dale G. NESTOR, II, Plaintiff Below, Appellant,**

v.

**BRUCE HARDWOOD FLOORS, L.P., DBA Bruce Hardwood, A Division of B.H.F.G. Corporation, a Tennessee corporation authorized to do business in the State of West Virginia, Defendant Below, Appellee.**

No. 29328.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 2, 2001.

Decided Dec. 11, 2001.

Dissenting Opinion of Justice Maynard Dec. 12, 2001.

Cynthia S. Gustke, Esq., Carrie H. Hunt, Esq., The Law Offices of Cynthia S. Gustke, PLLC, Elkins, for Appellant.

C. David Morrison, Esq., Steptoe & Johnson, PLLC, Clarksburg, for Appellee.

PER CURIAM.

This is an appeal by Dale G. Nestor of an order from the Circuit Court of Tucker County granting summary judgment in favor of Bruce Hardwood Floors L.P., dba Bruce

Hardwood, a Division of B.H.F.G. Corporation ("Bruce Hardwood").[1] The trial court ruled that Nestor's workers' compensation discrimination claim against Bruce Hardwood, Mr. Nestor's former employer, failed as a matter of law. Mr. Nestor contends that summary judgment was improper.

We conclude that Mr. Nestor has set forth a *prima facie* case of workers' compensation discrimination, and that there are material facts at issue that make summary judgment improper. Accordingly, we reverse the trial court's entry of summary judgment.

I.

The appellant, Dale G. Nestor, II, was hired by Bruce Hardwood in October 1990. He was terminated on May 20, 1998. Before he was terminated, Mr. Nestor was a 502 (or side matcher) machine operator. His duties included monitoring the tolerances of wood flooring strips as they fed through the 502 machine, and the maintenance of the 502 machine. Throughout his employment with Bruce Hardwood, Mr. Nestor had an excellent work record.

During Mr. Nestor's employment, Bruce Hardwood had a safety and disciplinary policy providing that "[a]n employee may be discharged immediately without prior warning for a serious violation of safety rules or instructions including ... [r]eaching into a machine while it is running or before moving parts have stopped[.]"

On May 19, 1998, Mr. Nestor was injured while attempting to remove a piece of jammed wood from the 502 machine. His injury required four stitches in his little finger. At the hospital, Mr. Nestor began the paperwork necessary to apply for workers' compensation benefits.

The next day, May 20, 1998, Bruce Hardwood terminated Mr. Nestor's employment. According to Bruce Hardwood, Mr. Nestor had violated its safety and disciplinary policy by reaching into a machine while the machine parts were still moving. Mr. Nestor denies

that the machine's parts were moving when he attempted to unjam the 502 machine.

On December 12, 1998, Mr. Nestor filed an action in the Circuit Court of Tucker County against Bruce Hardwood, alleging workers' compensation discrimination. Mr. Nestor sought compensatory and punitive damages.

On February 16, 1999, Bruce Hardwood filed a motion for summary judgment. On March 29, 1999, the trial court granted summary judgment in favor of Bruce Hardwood.

Mr. Nestor appealed the adverse summary judgment ruling, and on December 6, 1999, this Court, in *Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W.Va. 453, 525 S.E.2d 334 (1999) (*per curiam*), reversed and remanded the case to the lower court for compliance with the standards set forth in *Fayette County Nat. Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997).

Following this Court's original decision in this matter, Mr. Nestor filed with the trial court a motion to reconsider the court's March 29, 1999 ruling and a motion for partial summary judgment. In support of his motion, Mr. Nestor submitted evidence that Bruce Hardwood had in place a policy that reduced its supervisors' bonuses for each work-related injury sustained by a Bruce Hardwood employee. Mr. Nestor asserted that such evidence revealed a motive for Bruce Hardwood supervisors to commit workers' compensation discrimination.

Bruce Hardwood filed its response to Mr. Nestor's motions and also filed a cross-motion for summary judgment. A hearing was held on January 14, 2000, on all motions. On August 29, 2000, the trial court confirmed its original order granting summary judgment for Bruce Hardwood, and denied Mr. Nestor's motion for reconsideration. In its order, the trial court indicated that inasmuch as approximately 30 to 40 percent of Bruce Hardwood's 500 employees had previously filed workers' compensation claims without being terminated, it was unlikely that Bruce Hardwood Flooring would discriminate

---

1. This appeal is a follow-up to *Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W.Va. 453, 525 S.E.2d 334 (1999) (*per curiam*), wherein this action was reversed and remanded to afford the Circuit Court of Tucker County an opportunity to set forth findings of fact and conclusions of law in support of its entry of summary judgment.

against Mr. Nestor who had such a small compensation claim.

■ This Court, again, has before it the issue of whether the granting of summary judgment for the defendant-appellee was appropriate. "A circuit court's entry of summary judgment is reviewed *de novo.*" Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

Mr. Nestor filed suit under *W.Va.Code,* 23-5A-3 [1990]. *W.Va.Code,* 23-5A-3(a) [1990] provides, in part, that:

> It shall be a discriminatory practice within the meaning of section one [*W.Va.Code,* 23-5A-1] of this article to terminate an injured employee while the injured employee is off work due to a compensable injury within the meaning of article four [*W.Va.Code,* 23-4-1 *et seq.*] of this chapter and is receiving or is eligible to receive temporary total disability benefits, unless the injured employee has committed a separate dischargeable offense.

■ *W.Va.Code* 23-5A-3 [1990] is a codification of West Virginia's common law. Under West Virginia law, "[i]t is a contravention of public policy and actionable to discharge an employee because he has filed a workmen's compensation claim against his employer." Syllabus Point 2, *Shanholtz v. Monongahela Power Co.,* 165 W.Va. 305, 270 S.E.2d 178 (1980).

■ In *Powell v. Wyoming Cablevision, Inc.,* this Court defined what an employee must show in order to make a prima facie case of workers' compensation discrimination.

> In order to make a prima facie case of discrimination under W.Va.Code, 23-5A-1, the employee must prove that: (1) an on-the-job injury was sustained; (2) proceedings were instituted under the Workers' Compensation Act, W.Va.Code, 23-1-1, *et seq.;* and (3) the filing of a workers' compensation claim was a significant factor in the employer's decision to discharge or otherwise discriminate against the employee.

Syllabus Point 1, *Powell v. Wyoming Cablevision, Inc.,* 184 W.Va. 700, 403 S.E.2d 717

(1991). This is the same three-step analysis that is applied under the West Virginia Human Rights Act, *W.Va.Code,* 5-11-1, *et seq.* [1967]. In *Powell v. Wyoming Cablevision,* "we used the proof schemes of our discrimination cases under the West Virginia Human Rights Act, *W.Va.Code,* 5-11-1 [1967] *et seq.,* to determine when discrimination had occurred under *W.Va.Code,* 23-5A-3 [1990]." *St. Peter v. Ampak–Division of Gatewood Products, Inc.,* 199 W.Va. 365, 369, 484 S.E.2d 481, 485 (1997) *(per curiam).*

■ In *Barefoot v. Sundale Nursing Home,* this Court stated that "[a] circuit court may not grant a defendant's motion to dismiss if the plaintiff has alleged the elements of a *prima facie* case (assuming there are no other defects in the pleadings)." *Barefoot v. Sundale Nursing Home,* 193 W.Va. 475, 485 n. 16, 457 S.E.2d 152, 162 n. 16 (1995). "[T]he showing the plaintiff must make as to the elements of the *prima facie* case in order to defeat a motion for summary judgment is *de minimis.*" Syllabus Point 4, in part, *Hanlon v. Chambers,* 195 W.Va. 99, 464 S.E.2d 741 (1995).

In employment discrimination cases, there is often very little direct evidence of discriminatory intent. This Court has said that

> [b]ecause discrimination is essentially an element of the mind, there will probably be very little direct proof available. Direct proof, however, is not required. What is required of the plaintiff is to show some evidence which would sufficiently link the employer's decision and the plaintiff's status as a member of a protected class so as to give rise to an inference that the employment decision was based on an illegal discriminatory criterion.

*Conaway v. Eastern Associated Coal Corp.,* 178 W.Va. 164, 170-71, 358 S.E.2d 423, 429-30 (1986).

■ To survive a motion for summary judgment, "the plaintiff must make some showing of fact which would support a prima facie case for his claim." Syllabus Point 2, in part, *Conaway v. Eastern Associated Coal Corp.,* 178 W.Va. 164, 358 S.E.2d 423 (1986). The plaintiff is only required to "show an inference of discrimination." Syllabus Point 2, in part, *Barefoot v. Sundale Nursing*

*Home,* 193 W.Va. 475, 457 S.E.2d 152 (1995).[2] At the summary judgment stage, all inferences drawn are to be made in favor of the nonmoving party. Both this Court and the court below "must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion." *Painter v. Peavy,* 192 W.Va. at 192, 451 S.E.2d at 758. "In determining whether the plaintiff has met the *de minimis* initial burden of showing circumstances giving rise to an inference of discrimination, the function of the circuit court on a summary judgment motion is to determine whether the proffered admissible evidence shows circumstances that would be sufficient to permit a rational finder of fact to infer a discriminatory motive." Syllabus Point 4, in part, *Hanlon v. Chambers,* 195 W.Va. 99, 464 S.E.2d 741 (1995).

 Whether an adverse employment action was motivated by a discriminatory animus is ordinarily a question best resolved by a jury. "[T]he issue of discriminatory animus is generally a question of fact for the trier of fact, especially where a prima facie case exists. The issue does not become a question of law unless only one conclusion could be drawn from the record in the case." *Conrad v. ARA Szabo,* 198 W.Va. 362, 370, 480 S.E.2d 801, 809 (1996).

## II.

With these principles in mind, we review the record below to see if Mr. Nestor has provided sufficient evidence of discriminatory conduct to withstand a motion for summary judgment.

 First, we examine whether Mr. Nestor established a *prima facie* case of discrimination. On May 19, 1998, Mr. Nestor sustained an on-the-job injury, and he filed for workers' compensation benefits that same day. The next day, May 20, 1999, Mr. Nestor was fired.

It is clear that Mr. Nestor satisfies the first two prongs of the test for establishing a *prima face* case of discrimination. At issue is whether Mr. Nestor's filing of a workers' compensation claim was a significant factor in Bruce Hardwood's decision to terminate him—the third prong of the test.

In determining if a causal connection exists between the filing of a workers' compensation claim and an adverse employment action, *Powell* instructs us to look at a variety of factors that include "[p]roximity in time of the claim and the firing ... [e]vidence of satisfactory work performance and supervisory evaluations before the accident ... [and] evidence of an actual pattern of harassing conduct for submitting the [workers' compensation] claim [.]" 184 W.Va. at 704, 403 S.E.2d at 721.

Applying these factors, the timing of Mr. Nestor's termination creates an inference of discriminatory conduct by Bruce Hardwood. Also, prior to being fired, Mr. Nestor was an excellent employee who received satisfactory employment evaluations.

Additionally, Mr. Nestor also disputes Bruce Hardwood's contention that it had never terminated any employee for having filed a workers' compensation claim.

 In reviewing the record in this case, we conclude that Bruce Hardwood's supervisor bonus system could encourage a supervisor to discriminate against an employee who files for workers' compensation benefits, even if as Bruce Hardwood alleges, the bonus system helps reduce workplace injuries. Furthermore, the fear of being fired could have a chilling effect on a worker's decision to file for workers' compensation benefits. Because conflicting inferences can be drawn from Bruce Hardwood's bonus system, the jury becomes crucial in resolving the conflict-

---

**2.** "[T]he plaintiff is not required to show that the defendant's proffered reasons were false or played no role in the termination, but only that they were not the only reasons and the prohibited factor was at least one of the 'motivating' reasons. *See, e.g., Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (plurality opinion) (where employer shows a legitimate motive, the plaintiff need not show the prohibited factor was the sole or principal reason or the 'true reason')." *Barefoot v. Sundale Nursing Home,* 193 W.Va. at 487 n. 18, 457 S.E.2d at 164 n. 18 (1995).

ing inferences that could be concluded from the evidence.[3]

These permissible inferences are sufficient to establish the third prong of the test for a *prima facie* case of workers' compensation discrimination. Additionally, that Mr. Nestor made a *prima facie* case is acknowledged by the trial court in its order granting summary judgment in favor of Bruce Hardwood. And, whether Mr. Nestor can prove that Bruce Hardwood's claimed legitimate non-discriminatory reason for Mr. Nestor's termination is pretext is a question for the trier of the facts.

There is also an unresolved question of fact as to whether Mr. Nestor actually violated Bruce Hardwood's safety policy. According to Mr. Nestor, he only reached into the machine after it stopped. However, several Bruce Hardwood employees submitted affidavits stating that Mr. Nestor told them that he had stuck his hand into the machine while the machine parts were still moving.

Because the record below could lead a rational trier of fact to find for the plaintiff, summary judgment was inappropriate, and the trial court's ruling that punitive damages are not available was premature.

### III.

The August 29, 2000 order of the Circuit Court of Tucker County granting summary judgment for Bruce Hardwood is reversed and this case is remanded for further proceedings in accordance with this opinion.

Reversed and Remanded.

Justice MAYNARD dissents and reserves the right to file a dissenting opinion.

MAYNARD, Justice, dissenting:

(Filed Dec. 12, 2001)

I would affirm the circuit court's grant of summary judgment on behalf of Bruce Hardwood.

The appellant clearly failed to establish that his filing of a workers' compensation claim was a significant factor in Bruce Hardwood's decision to discharge him. Instead, the evidence indicates that the appellant was fired because he violated an important safety regulation. This conclusion is supported by facts which are undisputed by competent evidence. These facts include Bruce Hardwood's safety rule which provides that an employee may be discharged immediately without prior warning for reaching his or her hand into a machine while it is running or before moving parts have stopped. The appellant admitted that he grabbed a piece of wood stuck between the feed rolls of the 502 machine and the machine's back rolls injured his hand. Several Bruce Hardwood employees submitted affidavits below stating that the appellant told them that he had stuck his hand into the 502 machine while the machine parts were still moving. The appellant's minor injury required only a trip to the emergency room and a few stitches, while Bruce Hardwood has retained many employees who have filed workers' compensation actions and whose injuries were much more severe than the appellant's. Finally, other employees who have violated the same safety policy as the appellant have also been terminated.

The majority opinion sets forth, as evidence supporting the appellant's claim, that the appellant "was an excellent employee who received satisfactory employment evaluations." This is wholly irrelevant. While "[e]vidence of satisfactory work performance and supervisory evaluations before the accident can rebut an employer's claim of poor job performance," *Powell v. Wyoming Cablevision, Inc.*, 184 W.Va. 700, 704, 403 S.E.2d 717, 721 (1991), there is no claim by management in the instant case that the

<hr>

3. Also, if this case is litigated under the burden-shifting analysis applicable in mixed-motive employment discrimination cases, the burden will ultimately be upon Bruce Hardwood to prove that the challenged decision would have been made in the absence of an unlawful motive. *See Bailey v. Norfolk and Western Ry. Co.*, 206 W.Va. 654, 669, 527 S.E.2d 516, 531 (1999); Syllabus Point 8, *Page v. Columbia Natural Resources, Inc.*, 198 W.Va. 378, 480 S.E.2d 817 (1996) ("Once the plaintiff in an action for wrongful

discharge based upon the contravention of a substantial public policy has established the existence of such policy and established by a preponderance of the evidence that an employment discharge was motivated by an unlawful factor contravening that policy, liability will then be imposed on a defendant unless the defendant proves by a preponderance of the evidence that the same result would have occurred even in the absence of the unlawful motive.").

appellant was fired for poor job performance. To the contrary, Bruce Hardwood stated that it was aware of the appellant's performance record, but did not take it into account because of the seriousness of his violation.

Also, the majority emphasizes Bruce Hardwood's policy of reducing its supervisor's bonuses for each work-related injury as evidence of discriminatory intent. This evidence, however, is not probative in light of the fact that the decision to fire the appellant was not made by his immediate supervisor alone, but only after a meeting between his immediate supervisor, the production superintendent, and the personnel/safety director. Moreover, any adverse inference drawn from Bruce Hardwood's policy is contradicted by the fact that Bruce Hardwood has retained many employees who have filed workers' compensation claims. In sum, the appellant has failed to adduce any evidence giving rise to a genuine issue of material fact, and, therefore, summary judgment is proper.

The majority opinion indicates to me that it is impossible, without having to suffer the ordeal of a trial, for an employer to terminate an employee for any reason if that employee has recently filed a workers' compensation claim. As a practical matter, that employee enjoys immunity from discharge for a certain period after filing his or her claim. The only valid evidence of workers' compensation discrimination in the instant case is the proximity in time of the claim and the firing. Yet this alone, under our law, does not prove a *prima facie* case of discrimination sufficient to escape summary judgment. Nevertheless, the majority opinion finds that the appellant can take such an insufficient case to trial.

Finally, I find it curious that the majority sees fit to, in effect, punish an employer for having stringent safety rules and for vigorously enforcing them. The nature of Bruce Hardwood's business requires employees to constantly exercise the utmost caution in the operation of machinery in order to prevent serious and perhaps permanent injuries. If Bruce Hardwood did not maintain and enforce safety regulations, I have no doubt that this Court would uphold, in a case of serious injury, the right of a Bruce Hardwood employee to bring a deliberate intention action against his or her employer. The majority opinion places Bruce Hardwood and similarly situated employers in a no-win situation. They are damned if they maintain and enforce safety regulations and damned if they do not.

Accordingly, for the reasons stated above, I dissent.