# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Terri Smith,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0975** (Kanawha County 17-C-1186)

**Kanawha County Emergency Ambulance Authority,**
**Defendant Below, Respondent**

**FILED**
**December 7, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Terri Smith, by counsel James D. McQueen Jr. and Christopher J. Heavens, appeals the Circuit Court of Kanawha County's September 26, 2019, judgment order following a jury trial, at the conclusion of which the jury found for respondent on all claims. Respondent the Kanawha County Emergency Ambulance Authority, by counsel John L. MacCorkle, filed a response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was an emergency medical technician with respondent when she was injured at work on December 31, 2014. On January 2, 2015, she filed a workers' compensation claim for the injury, which was deemed compensable on January 12, 2015. She was awarded temporary total disability benefits ("TTD"), effective January 1, 2015. Petitioner had two shoulder surgeries as a result of the injury. Her employment with respondent was terminated by letter dated April 28, 2016, while she was still receiving TTD. In that letter, she was informed that her termination was due to her falsification of documents during her employment.

Petitioner filed suit against respondent asserting claims of workers' compensation discrimination or retaliation under West Virginia Code §§ 23-5A-1 and -3(a). The amended complaint alleged that respondent "engaged in an unlawful and discriminatory practice against [petitioner] . . . by terminating [petitioner's] employment with [respondent] . . . because she filed a workers' compensation claim and was receiving workers' compensation benefits for an injury she sustained working for [respondent] on December 31, 2014." It further alleged that as a "direct and proximate result of the statutory and common law violations of the law of West Virginia

1

pertaining to the rights of injured workers" petitioner had been "severely damaged by the loss of wages and benefits; has suffered mental anguish, aggravation, inconvenience, and annoyance; and has been forced to incur legal fees and litigation expenses to vindicate rights that were undeniably hers under the law."

The case proceeded to a four-day jury trial in September of 2019, at the conclusion of which the jury found that petitioner's filing of a workers' compensation claim was not a significant factor in respondent's decision to terminate her employment. The jury found for respondent on all counts, and the circuit court entered its resulting judgment order on September 26, 2019. Petitioner appeals from that order.[1]

On appeal, petitioner argues that in order to make a prima facie case of discrimination under West Virginia Code § 23-5A-1, the employee must prove that: (1) an on-the-job injury was sustained; (2) proceedings were instituted under the Workers' Compensation Act; and (3) the filing of a workers' compensation claim was a significant factor in the employer's decision to discharge or otherwise discriminate against the employee. It appears that petitioner took the argument heading from syllabus point 1 of *Powell v. Wyoming Cablevision, Inc.*, 184 W. Va. 700, 403 S.E.2d 717 (1991), and she asserts that never in the "history of the above syllabus point [has it] been used in an appeal from a case filed solely or primarily under the principles of a termination under Code § 23-5A-3(a)" other than in *Powell*. She argues that the syllabus point is "self-limited" to discrimination under West Virginia Code § 23-5A-1. Further, she asserts that the third element has only been applied in one per curiam case, *Nestor v. Bruce Hardwood Floors, L.P.*, 210 W. Va. 692, 558 S.E.2d 691 (2001).

---

[1] It appears from the docket sheet that no post-trial motions were filed, and neither party mentions any post-trial motions in their respective briefs before this Court. Rule 59(f) of the West Virginia Rules of Civil Procedure provides as follows:

> **(f) Effect of Failure to Move for New Trial.** If a party fails to make a timely motion for a new trial, after a trial by jury in which judgment as a matter of law has not been rendered by the court, the party is deemed to have waived all errors occurring during the trial which the party might have assigned as grounds in support of such motion; provided that if a party has made a motion under Rule 50(b) [of the West Virginia Rules of Civil Procedure] for judgment in accordance with the party's motion for judgment as a matter of law and such motion is denied, the party's failure to move for a new trial is not a waiver of error in the court's denying or failing to grant such motion for judgment as a matter of law.

The record before this Court is limited because the parties included only small excerpts from the trial transcript. Petitioner does not point this Court to a Rule 50(b) motion and does not discuss any ruling from such motion if it was made orally. Therefore, it is unclear whether petitioner's assignments of error are properly before this Court.

While petitioner does not cite to the record for the assertion, she claims it was likely that she would not be able to work again as an EMT due to her injury.[2] She asserts that the language of West Virginia Code § 23-5A-3(a) is "extremely clear in saying that her termination while on [TTD] is a discriminatory practice that cannot be undone 'unless the injured employee has committed a separate chargeable offense.'" Only after litigation was ongoing did petitioner learn what document she allegedly falsified, and she denied the allegation. Again failing to cite to the record, petitioner asserts that she presented expert testimony to refute the contention that she had signed or submitted the forged document. Without citing any authority, petitioner argues that the employer must establish that it was "not because of workers' compensation that he terminated the employee. . . ." Petitioner asserts that "[s]he had every reason to rely on the clear statutory language that the employer would have the burden of proof to establish that she indeed did commit a separate dischargeable offense." Without citing to the record, petitioner says that is what respondent tried to do with its own expert witness. The three-step burden of proof contained in the jury instructions "clearly would apply to a case proceeding under § 23-5A-1[,] which is a separate statute that applies to forms of workers' compensation in situations other than termination." Petitioner fails to identify the specific jury instruction at issue. She does, however, point to portions of the record wherein counsel argued jury instructions at the start of the trial and on the second day of trial. Continuing to fail to cite supporting authority, petitioner argues that the "obvious intent of the drafters of the statute was to place an added and different burden on employers who wish to terminate an employee who is lawfully receiving workers' compensation benefits."

Petitioner also sets forth a difficult to follow argument regarding jury instructions[3]:

[Petitioner] argued that the verdict form can be adapted such that the jury both questions ([sic] the first questions in [petitioner's] version and the first question in [respondent's] version, such that neither is alone is a predicate for the other, such

---

[2] We remind petitioner's counsel of this Court's requirements set forth in Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure:

The brief must contain an argument exhibiting clearly the points of fact and law presented . . . and citing the authorities relied on . . . . The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

[3] This unclear argument differs from petitioner's second assignment of error, which is as follows:

In a separate and distinct cause of action under West Virginia Code § 23-5A-3(a), the court erred by not allowing petitioner to have a separate, dispositive interrogatory or question for the jury on the verdict form that determined the employer's liability for damages, by requiring the jury to make a finding of whether or not the employer has met its burden of proof to establish that the employee had committed a separate dischargeable offense, as defined by the statute.

3

that if the jury finds that workers' compensation is not a significant factor (question 1) or "no" but the jury goes on to answer a second question, that the employer has not met its burden to prove that a separate dischargeable offense has occurred, and then if both questions are answered in the negative, the jury has reached a verdict, but if either is answered in the affirmative, then the jury has found in favor of [petitioner] and the jury should decide damages.

Petitioner argues, however, that the circuit court maintained that West Virginia Code § 23-5A-3(a) was basically a subsection of the entire workers' compensation statute and that an employee terminated while on TTD has to first prove that workers' compensation was a significant factor in the employer's decision to terminate her and that only then does the dischargeable offense come into play.

The two statutes at issue are as follows:

No employer shall discriminate in any manner against any of his present or former employees because of such present or former employee's receipt of or attempt to receive benefits under this chapter.

It shall be a discriminatory practice within the meaning of section one of this article to terminate an injured employee while the injured employee is off work due to a compensable injury within the meaning of article four of this chapter and is receiving or is eligible to receive temporary total disability benefits, unless the injured employee has committed a separate dischargeable offense. A separate dischargeable offense shall mean misconduct by the injured employee wholly unrelated to the injury or the absence from work resulting from the injury. A separate dischargeable offense shall not include absence resulting from the injury or from the inclusion or aggregation of absence due to the injury with any other absence from work.

W. Va. Code §§ 23-5A-1 and -3(a). As this Court has found and as pointed out by petitioner,

[i]n order to make a prima facie case of discrimination under W.Va. Code, 23-5A-1, the employee must prove that: (1) an on-the-job injury was sustained; (2) proceedings were instituted under the Workers' Compensation Act, W.Va. Code, 23-1-1, *et seq.;* and (3) the filing of a workers' compensation claim was a significant factor in the employer's decision to discharge or otherwise discriminate against the employee.

Syl. Pt. 1, *Powell* at 701, 403 S.E.2d at 718. Further, in *Powell*, we found that

[w]hen an employee makes a prima facie case of discrimination, the burden then shifts to the employer to prove a legitimate, nonpretextual, and nonretaliatory reason for the discharge. In rebuttal, the employee can then offer evidence that the employer's proffered reason for the discharge is merely a pretext for the discriminatory act.

4

Syl. Pt. 2, *id.* Due to the lack of direct evidence, *Powell* instructs courts to look to a variety of factors including: (1) "[p]roximity in time of the claim and the firing;" (2) "[e]vidence of satisfactory work performance and supervisory evaluations before the accident;" (3) "actual pattern of harassing conduct for submitting the claim;" and (4) "adverse comments" after filing of the workers' compensation claim. *Id.* at 704, 403 S.E.2d at 721 (citations omitted). While petitioner does not specifically address these criteria, as she points out, she was terminated approximately sixteen months after both the injury and her filing of a workers' compensation claim. She does not allege that there was a pattern of harassing conduct or that "adverse comments" were made related to her filing of the workers' compensation claim.

There is no dispute that petitioner sustained an on-the-job injury or that she instituted proceedings under the Workers' Compensation Act. However, the jury was asked to determine whether the filing of that workers' compensation claim was a "significant factor in the employer's decision to discharge" and found that it was not. In addition to petitioner's failure to file post-trial motions in order for the circuit court to consider any potential errors related to the jury's verdict, "'[c]redibility determinations are properly made by the trier of fact . . . who has had the opportunity to observe, first hand, the demeanor of the witness.' *Miller v. Chenoweth*, 229 W. Va. 114, 121, 727 S.E.2d 658, 665 (2012) (per curiam)." *Lister v. Ballard*, 237 W. Va. 34, 40, 784 S.E.2d 733, 739 (2016). The jury had the opportunity to observe the witnesses during their testimony and examine all of the evidence presented. The jury's finding that petitioner's filing of a workers' compensation claim was not a significant factor in her termination satisfies this Court's previously established standard, as petitioner was required to show that it was a significant factor in order to establish a prima facie case of discrimination. Syl. Pt. 1, *Powell,* 184 W.Va. at 701, 403 S.E.2d at 718. Therefore, we will not overturn the jury's verdict in favor of respondent on this ground.

To the extent petitioner questions the jury instructions given by the circuit court, this Court has long held as follows:

> "A trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not mis[led] by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion." Syl. Pt. 4, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Drakes*, -- W. Va. --, 844 S.E.2d 110 (June 12, 2020). In addition, this Court has explained that "[i]n absence of statutory requirement, whether a jury shall be compelled to answer special interrogatories before arriving at a general verdict, is a matter resting in the sound discretion of the trial court." Syl. Pt. 15, *Carper v. Kanawha Banking & Trust Co.*, 157 W. Va. 477, 207 S.E.2d 897 (1974). Petitioner has failed to show that the circuit court abused its discretion

in failing to ask the jury to respond to the special interrogatories propounded by petitioner. For these reasons, we affirm the circuit court's judgment order.

Affirmed.

**ISSUED:** December 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISSENTING:**

Justice Margaret L. Workman
Justice John A. Hutchison

Justices Workman and Hutchison would set for oral argument in accordance with Rule 20 of the West Virginia Rules of Appellate Procedure.